IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CESAR EFRAIN HERNANDEZ LOPEZ, | § § § § | |
| Petitioner, | § § | |
| v. | § § | 1:26-CV-1949-RP |
| MARKWAYNE MULLIN, *in his official capacity as* *Secretary, U.S. Department of Homeland Security*, et al., | § § § § | |
| Respondents. | § | |

**TRANSFER ORDER**

Before the Court is the above-entitled cause of action. Petitioner Cesar Efrain Hernandez Lopez ("Petitioner") filed his Petition for a Writ of Habeas Corpus, (Dkt. 1), on July 13, 2026. Petitioner brings a petition under 28 U.S.C. § 2241 challenging his detention as a violation of the Constitution and federal statutes. (*Id.* at 6–7). Petitioner alleged he was detained at the T. Don Hutto Detention Center in Taylor, Texas. (*Id.* at 1). On July 16, 2026, pursuant to 28 U.S.C. § 2243, the Court ordered Respondents to show cause as to why Petitioner's Petition should not be granted. (Dkt. 4).

On July 21, 2026, Respondents Todd Blanche, Todd M. Lyons, Markwayne Mullin, and Miguel Vergara (collectively, "Respondents")[1] filed a response in opposition. (Dkt. 5). In their Response, Respondents represent that Petitioner was transferred out of the Western District of Texas on July 10, 2026, prior to when Petitioner filed his Petition with this Court. (*Id.* at 1–2). Petitioner is currently detained at the Central Valley Annex, which is located within the Eastern District of California. (*Id.* at 1–2). The Supreme Court has held that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of

---

[1] The Response is filed only on behalf of the federal employees in this action. (Resp., Dkt. 5, at 1 n.1).

confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). *See also Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld*, 542 U.S. at 443 and similarly concluding that for core habeas petitions, jurisdiction lies in only one district: the district of confinement). Because Petitioner was moved to the Eastern District of California *before* the filing of this action, this Court lacks jurisdiction over his habeas petition. *See Rumsfeld*, 542 U.S. at 441 ("When the Government moves a habeas petitioner *after* she properly filed a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.") (emphasis added).

The relevant venue statute provides that when a case is filed in the wrong district, the district court "shall dismiss, or, if it be in the interest of justice, transfer such case to any district or division on which it could have been brought." 28 U.S.C. § 1406(a). Similarly, § 1404(a) grants a district court discretion "for the convenience of the parties and witnesses, in the interest of justice [to] transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Given that Petitioner is confined in the Eastern District of California, and that this case should have been filed in that district in the first instance, transfer of the case is proper pursuant to both §§ 1406(a) and 1404(a).

Accordingly, because the Central Valley Annex is located in Kern County, California, **IT IS ORDERED** that this case is **TRANSFERRED** to the Fresno Division of the Eastern District of California.

**SIGNED** on July 22, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE